IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
July 08, 2024
LAURA A. AUSTIN, CLERK
BY: s/A. Beeson
   DEPUTY CLERK

MICHAEL DERRICK EDWARDS, )
    Plaintiff, )   Civil Action No. 7:24-cv-00296
 )
v. )
 )   By: Elizabeth K. Dillon
RANDALL C. MATHENA, *et al.*, )   Chief United States District Judge
    Defendants. )

**MEMORANDUM OPINION**

Plaintiff Michael Derrick Edwards, a Virginia prisoner proceeding *pro se*, filed this civil rights action pursuant to 42 U.S.C. § 1983. (Compl., Dkt. No. 1.) He alleges claims arising from his incarceration at Red Onion State Prison (ROSP). Edwards has not paid the filing fee.

Based on court records, it is clear that at least three of Edwards' previous actions or appeals have been dismissed as frivolous or for failure to state a claim upon which relief may be granted.[1] Put differently, he has at least three prior "strikes" under 28 U.S.C. § 1915(g). Because of this, even if he could prove his indigence, Edwards may not proceed with this case unless he either prepays the entire filing fee—which he has not done—or shows that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). His complaint, however, fails to allege any imminent danger of serious physical injury. For this reason, the court will dismiss the complaint in its entirety.

Plaintiff's complaint alleges that his security classification for housing at ROSP violates the Eighth Amendment because he has been in solitary confinement for five years. He also alleges a due process violation because he claims that there is no pathway to a lower

---

[1] The following three cases all were dismissed, pursuant to 28 U.S.C. § 1915A(b)(1), as frivolous or for failure to state a claim: *Edwards v. Eads*, 7:14-cv-495 (W.D. Va. Oct. 28, 2015), *Edwards v. Scarberry*, 7:19-cv-288 (W.D. Va. June 21, 2019), and *Edwards v. Kiser*, 7:19-cv-382 (W.D. Va. June 21, 2019).

classification and placement with the general population. (Compl. at 9.) Edwards complains that he is confined to a nine by fourteen-foot cell, is only allowed to shower three times per week, and is forced to eat his meals alone. (*Id.* at 17.)

Notably, Edwards' complaint does not contain any allegations to support a conclusion that he is in imminent danger of serious physical injury. For the "imminent danger" exception of § 1915(g) to apply, "an inmate must make 'specific fact allegations of ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury.'" *Johnson v. Warner*, 200 F. App'x 270, 272 (4th Cir. 2006) (quoting *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003)). "[T]he imminent danger 'must exist at the time the complaint . . . is filed, not when the alleged wrongdoing occurred.'" *Meyers v. Clarke*, 767 F. App'x 437, 439 (4th Cir. 2019) (quoting *Martin*, 319 F.3d at 1050). "Congress intended that a three-strikes prisoner have opportunity to ask the court for its aid in addressing a danger that is close at hand, not a past infraction." *Meyers v. Comm'r of Soc. Sec. Admin.*, 801 F. App'x 90, 96 (4th Cir. 2020); *see also Johnson*, 200 F. App'x at 272 (explaining that the imminent danger exception focuses on the possibility of "continuing or future injury, not whether the inmate deserves a remedy for past misconduct"). Edwards does not complain of any ongoing physical injuries. Instead, his complaint focuses on the mental effects of his housing arrangement. (Compl. at 15.) This does not satisfy the three-strike exception in relation to imminent physical injury. *See Springer v. McDuffie*, Case No. 7:20CV00263, 2020 WL 3026430, at *3 (W.D. Va. June 5, 2020) (dismissing complaint based on mental health condition pursuant to § 1915(g)); *Smith v. Ward*, C/A No. 9:13-1651-TMC, 2013 WL 5308799, at *5 (D.S.C. Sept. 18, 2013) ("There is no exception to the Three Strikes Rule based upon a showing of an imminent danger of a serious psychological injury. Rather, to come within the exception to the Three Strikes Rule, a prisoner must show an imminent danger of serious physical injury.") (collecting cases).

Because Edwards has neither prepaid the filing fee nor demonstrated that he is "under imminent danger of serious physical injury," the court will dismiss his complaint without prejudice pursuant to 28 U.S.C. § 1915(g).  An appropriate order will be entered.

Entered: July 8, 2024.

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
Chief United States District Judge